JESSÈ HASKELL *vs.* HENRY CODMAN.

In 1839, W., on going to sea as a sailor, and leaving a minor child, assigned to H., his father, for the alleged consideration of $500, all his (W.'s) right, title, interest, demand and claim, in and to the personal property held by C., in trust for W., under the last wills of D. and E. : In 1843, W. not having been heard from since 1839, H. filed a bill in equity against C., to compel him to pay to H. the sum held by him in trust for W., and alleged in his bill that the consideration of W.'s said assignment to him was money lent and expended in W.'s education, and in fitting him out with necessary supplies for two voyages to sea. *Held,* that W. and his minor child must be made parties to the bill, before the court would take further cognizance of it. *Held also,* that H., before he could obtain a decree directing C. to pay said sum to him, must prove the consideration of said assignment; that, on proof of the consideration, he would be entitled to a decree that C. should pay him the amount of W.'s actual debt to him, and no more; and that, on failure of such proof, the assignment would be held insufficient to support the bill.

BILL IN EQUITY. The plaintiff averred that, on the 27th of March 1799, the children of John Amory, senior, understanding that he had made his last will, and had bequeathed to Lucy Amory and Katharine Amory, children of his deceased son William, less than the share of said John's estate which they would inherit if he should die intestate, covenanted with each other, and with said Lucy and Katharine, and the executors of said John's will, that said Lucy and Katharine should be entitled to such further part of said John's estate as should amount to a full share thereof, as if said John had devised such share to them, as representatives of said William; *provided,* that said share should be paid by said executors to Rufus G. Amory, guardian of said Lucy and Katharine, or to their guardian for the time being, who should pay out of the profits or income thereof the yearly sum of $150 unto the mother of said Lucy and

Katharine, &c. &c. ; and *provided also,* that a majority of the said covenantors might make any other and further limitations of the principal or interest of said property, as they might think to be for the benefit of said Lucy and Katharine · That, after the decease of said John, the shares of said Lucy and Katharine were appropriated out of said John's estate, according to the aforesaid covenant, and put into the hands of their guardian, for their use; and shortly after, the sum of $3333·33 was set apart out of their joint shares, in order to raise therefrom the aforesaid annuity of $150 (afterwards raised to $200) to their mother : That a majority of said covenantors, on the 9th of March 1820, exercised the power, which they had reserved, of making further limitations of the principal and interest aforesaid ; and, after reciting that said Lucy had received all the interest on her share, and that a part of the principal thereof had been paid to her on her intermarriage with Joseph Bennett, they declared limitations upon the residue of her property in her guardian's hands remaining, and upon all said Katharine's property in the same hands; which limitations were as follows :

" That the principal sum now remaining, belonging to the said Lucy, now Lucy Haskell, and Katharine, now Caroline Amory, respectively, shall continue to be held by John Amory, their uncle, and Rufus G. Amory, their uncle, or by one of them, and by the survivor of them, in trust that they will pay the interest of the sum, belonging to each of the said children of William Amory, to the said children respectively, whether married or single, during their several and respective lives, taking their several sole and separate receipts therefor ; and upon the decease of the said Lucy Haskell, in further trust that they will apply the whole or such part of the interest of the property still remaining, belonging to her, or covenanted to be retained by her, as aforesaid, towards the support of the children of said Lucy Haskell, in such a manner, and in such proportions, as they the said John Amory and Rufus G. Amory, or either of them, or the survivor of them, may see fit ; and on the marriage or arrival at full age of either of said Lucy's children, or before, if they see fit, in trust that they may advance a part or the

whole of such child's share of the principal; and on the arrival of such child or children at the age of 21 years, or on an appointment of guardians whom the said John and Rufus G. Amory may approve, in further trust that. they may pay over the principal either to such children of full age, or to such guardians so by them approved, to be equally divided among the children of said Lucy : And upon the decease of said Caroline, [formerly Katharine,] in trust that the principal of her share, and such part of the income as she shall not have expended, shall be paid to such person or persons as she, by any instrument in writing purporting to be her last will and testament, shall direct, appoint or request, that the same should go, and be divided or bequeathed ; and on the failure of said Caroline to make such will or disposition, then in trust that the said property shall go to and be divided among the heirs at law of said Caroline, other than the widow of William Amory."

The plaintiff further averred, that said covenantors never declared any other limitations; that a majority of them were dead ; that said Rufus G. Amory never acted in the aforesaid trusts ; that John Amory, jr. was always sole acting trustee of said property and fund, until his decease in 1832, and paid over and accounted for all the said property, except said fund of $3333·33, to said Lucy and her heirs, and to said Caroline and her executor ; that said last mentioned sum still remained as a capital to pay the aforesaid annuity to the mother of said Lucy and Caroline ; that their said mother survived them, and also survived the said John Amory, jr. ; that said Lucy, in 1810, was married to Joseph Bennett, before named ; that there was a son of said marriage, viz. Joseph Bennett, jr., soon after whose birth his father died ; that said Lucy afterwards married the plaintiff; that there were children of said last marriage, viz. William A. Haskell, Edward Haskell, Charles Haskell, (who is dead, and of whose estate Benjamin Lincoln is administrator,) and Caroline Gorham, wife of Josiah Gorham ; that said Lucy died, before the year 1838, intestate, and that her said mother survived her, and died on the 1st of November 1838 ; that said Caroline Amory was never married, and died in the year 1827,

leaving a will, which was proved and allowed; that Henry Cod-man, the defendant, was executor of said will, and that the said William A. Haskell, Edward Haskell and Charles Haskell, were her sole residuary legatees; that all the debts, specific legacies, charges of administration, and all other bequests, except the said residuary legacies, and all other lawful claims upon the estate of said Caroline, had been duly paid by her executor, (the defendant,) leaving in his hands the whole reversionary interest in said fund of $3333·33 ; and that, unless said reversionary interest was disposed of by the residuary bequest in said will, the same was intestate property.

The plaintiff further averred, that said John Amory, jr. died in 1838, having made no special provision for the continuance of the trusts aforesaid ; that he left a will, which was duly proved and allowed, and of which the said Codman, the defend ant, was executor; that the defendant, as such executor, re-ceived assets more than sufficient to pay all debts, legacies and liabilities of said testator, and also said trust fund of $3333·33 ; that the mother of said Lucy and Caroline always received her said annuity (the interest of said fund) up to the time of her decease ; and that, at that time, the said William A. Haskell, Edward Haskell and Charles Haskell, were above the age of 21 years. [See *Vincent* v. *Gorham,* 3 Met. 343.]

The plaintiff still further averred, that until the February term of this court, in this county, in the year 1843, the defendant, as executor of the will of said John Amory, jr., and the will of said Caroline Amory, held said fund of $3333·33, and interest there-on, in his possession, from the time of the decease of the mother of said Lucy and Caroline, and had acted faithfully with regard to the same ; that he had doubts how and to whom he should pay it, and was not willing to pay it, except under the advice, direction and indemnity, of this court, sitting as a court of equity ; and that, at said term of the court, upon a bill filed by the abovemen-tioned Benjamin Lincoln, as administrator of the estate of the aforesaid Charles Haskell, and by the aforesaid Joseph Bennett and Edward Haskell, it was adjudged and decreed that it was not reasonable that the said Codman should any longer retain and

hold the shares of said fund belonging to the plaintiffs in said bill, but that the same ought to be paid over to them ; and it was further ordered and decreed that the shares of said fund described in the bill, consisting of $3333·33, and interest, which belonged to said Lincoln, as administrator of Charles Haskell, and to said Edward Haskell, respectively, consisted (by virtue of the residuary clause of said Caroline Amory's will) of one third of one half of said fund, which would have devolved on their aunt Caroline, if she had survived her mother, and of the reversion of which said Caroline had the power of disposing by any instrument purporting to be her last will and testament; and that said shares of said Charles and Edward, respectively, also consisted of one fifth of one half of said fund, of which the interest would have devolved on their mother, Lucy Haskell, for life, if she had survived her mother ; together with interest on said one third and one fifth of said halves of said fund, subject to all just allowances to the respondent for expenses in his office of trustee ; and that the share of said Joseph Bennett consisted of one fifth of one half of said fund, of which the interest would have devolved on his mother, said Lucy Haskell, if she had survived, as aforesaid, with interest as aforesaid, and subject to the allowance to said Codman, as aforesaid : And that it was further ordered, adjudged and decreed, that it be referred to one of the masters in chancery within and for the county of Norfolk, to state the account and interest, and what allowance said Codman should receive for his necessary expenses for counsel, incurred in his office of trustee ; to report the same to the court, if the parties did not agree on the same ; and that final judgment, and all the incidents thereof, be reserved until the agreement of the parties, or the coming in of the master's report.

It was also averred by the plaintiff, in the bill, that all the residue of the interest of said Lucy and Caroline in the aforesaid fund, in the hands of the defendant, is a share for the aforesaid Caroline Gorham, the same as that to the aforesaid Joseph Bennett, (with which the plaintiff has no concern,) and a share to the aforesaid William A. Haskell, the same as that adjudged, by the decree above recited, to Benjamin Lincoln.

administrator of the estate of the aforesaid Charles Haskell . That, on the 13th of May 1839, the plaintiff's said son, William A. Haskell, being largely indebted to the plaintiff, for money lent and expended in the education of said William A., and in fitting him out with necessary supplies for two voyages to sea, and having full confidence in the plaintiff, and being much disturbed because he could not receive of said Codman (the defendant) his said share of said trust fund, and being desirous that the plaintiff should procure said share for him, executed a deed to the plaintiff, wherein, in consideration of the sum of $500 received of the plaintiff, he did give, grant, sell and convey unto the plaintiff, his heirs and assigns forever, all his right, title, interest, property, claim and demand, which he then had, or of right ought to have or claim, or at any time thereafter might have, in and to the personal estate which Henry Codman, executor of the last will of John Amory, now holds, under and by said will, in trust for the benefit of the mother of Lucy Haskell and Caroline Amory deceased, the same being one fifth of one thousand pounds late lawful money; and also all his right, title, interest, property, claim or demand, which he then had, or might thereafter have, in and to any personal property, sum or sums of money, under and by virtue of the last will of said John Amory, and in and to the estate whereof said John died possessed, and the avails and proceeds thereof; and did, in said deed, release and forever quitclaim to the plaintiff, his heirs and assigns forever, all said William A.'s right, title and interest, to and in the premises aforesaid : That said William A., in June 1840, sailed from New London, on a whaling voyage, in the ship Columbia ; that said ship returned in July 1843, but that said William did not return in her ; and that the plaintifl had not heard from him since June 1840, and did not know whether he was still alive, or not.

The plaintiff further averred that said William A. was formerly married to Lydia Ashly, who is now dead ; that there was a child of said marriage, viz. Charles Haskell, a minor, supposed to be living with its mother's relations, in the county of Barnstable.

The prayer of the bill was, that the court would issue a sub-pœna or notice to said William A. Haskell and his minor son, Charles Haskell, that they might be made parties to the bill, if necessary, and that a guardian *ad litem* might be appointed for said minor; that the defendant be required to make answer; that the court would decree said William A.'s share in said fund to be the same as had been decreed, in the suit abovementioned, to be the share of Edward Haskell; that the same had been so assigned to the plaintiff, that the defendant ought to pay it to him, on his giving bond with sureties, conditioned to pay over to said William A., his executors or administrators, or his said son Charles, or his guardian, such sum as might, by any court or board of referees, be awarded and adjudged to belong to either of them.

The defendant, in his answer, admitted the narrating part of the bill, and joined with the plaintiff in desiring that William A. Haskell and his minor son might be cited in and made parties to the suit, and that a guardian *ad litem* might be appointed for said minor. He admitted that he had in his hands a fund, the amount of which was not in dispute, and which, under a late ruling of this court, he should deem himself authorized to pay over to William A. Haskell, if living, were it not for the said assignment to the plaintiff, of which he had received notice from the plaintiff, who had made a demand on him for said fund; but that, from his knowledge of the character and habits of said William A., he had reason to doubt whether said assignment was made upon good consideration. He therefore prayed that the circumstances attending the assignment might be shown to the court, by the plaintiff, before any decree should be passed in the plaintiff's favor, respecting said fund. He further stated, in his answer, that, as he did not know whether said William was alive or dead, he was doubtful to whom the beneficial interest in said fund belonged, and was unwilling to pay over the same, until the interest of said William A.'s minor child (in case said William A. was dead) should be fully considered and passed upon by the court.

This case was argued, on the bill and answer, at October

term 1843, and the opinion of the court was given at February term 1844.

*E. Ames,* for the plaintiff.

*Codman,* for the defendant.

HUBBARD, J. It is admitted by the defendant, in his answer, that he has in his hands a fund belonging to William A. Has kell, the amount of which is not now in dispute ; but he denies the right of the plaintiff to receive the same to his own use, as claimed in the bill.

The plaintiff, who is the father of said William A. Haskell, alleges that his son, being largely indebted to him for cash lent for his education, and for supplies furnished to fit him out on two voyages to sea, for the purpose of paying the debt, executed an assignment and transfer of his share and interest in the fund held by the defendant ; and the plaintiff claims that, by force of the assignment, he is entitled to receive and retain to his own use the moneys, in the hands of the defendant, accruing to the said William A. from the trust fund. The son is absent in parts beyond sea, and has not been heard from for nearly three years ; and whether he is living or dead is unknown to the parties. He has one child living, who is a minor of tender age.

The assignment, set forth in the bill, bearing date May 13th 1839, is duly executed by William A. Haskell, and is expressed to be for the consideration of $500, and is a formal transfer of all his right and interest in the estate or fund held by the defendant.

It is argued, by the plaintiff's counsel, that this assignment affords sufficient evidence to justify a decree for the payment to him of the whole amount due to the said William A. At law, it might be that such an assignment would be adequate to transfer the whole value of the property or right assigned, if made without fraud. But where an assignee seeks the aid of a court of equity to enforce his claim, the court will examine into the consideration of the assignment, the nature and value of the fund or estate assigned, and the relation of the parties, for the pur pose of doing that equity which the circumstances may require, and will set aside an assignment as improvidently obtained,

where an undue advantage has been taken of a person ignorant of his rights and unapprized of the nature of his claim. And especially will the court examine into the character of the transaction, when the parties stand in the relation of guardian and ward or parent and child. *Evans* v. *Llewellin,* 1 Cox, 333. *Lady Ormond* v. *Hutchinson,* 13 Ves. 51. *Young* v. *Peachy,* 2 Atk. 254.

In the present case, the relation of the parties is that of parent and child. The debt claimed of the son is partly for his education (a charge in its nature questionable) and for supplies in fitting him out for sea. The son is a common sailor, knowing of his claim, in connexion with his brothers and sister, upon the trust fund in the hands of the defendant, but ignorant of the value of his share, or when it might be legally demanded.

Under these circumstances, though we do not see sufficient cause for setting aside the assignment as fraudulent, yet we think it can be regarded, in equity, as good only for the amount of the actual debt of the son. This amount is not to be assumed upon the mere allegation of the plaintiff, but he must furnish satisfactory evidence of the moneys advanced and the nature of the consideration relied on by him. And in failure of producing such proof, the assignment will be held insufficient, for want of any foundation in equity upon which the same can be supported.

But, before going into such evidence, we think that William A. Haskell and his son Charles should be made parties to the bill. For this purpose, the plaintiff has leave to amend; and the cause will stand continued to enable him to make the amendment, and to give due notice to the additional parties.